NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:    14a0114n.06

**No. 13-5160**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 10, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| VICKI L. COUCH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PATRICK R. DONAHOE, Postmaster | ) | WESTERN DISTRICT OF KENTUCKY |
| General, United States Postal Service, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:   DAUGHTREY, COOK, and WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   Plaintiff Vicki Couch appeals the district court's grant of summary judgment to Patrick Donahoe, the U. S. Postmaster General, on her claims of employment discrimination based on gender and race, hostile work environment, and retaliation.   We affirm.

Couch, an African-American female, is a permanent employee of the United States Postal Service (USPS), where she has worked since 1993.   Over the years, Couch has filed several Equal Employment Opportunity Commission (EEOC) complaints, alleging that she was subject to harassment by a number of fellow employees of varying races and genders.   For example, some of her EEOC complaints concerned Victoria Grimes, an African-American female who worked as a "casual" employee (meaning that she lacked the career protections afforded permanent employees like Couch).   Couch alleges that Grimes harassed her on several

occasions by threatening to bump into Couch, placing "trays of mail behind [Couch] or in [her] path" to "create[ ] safety hazards," arranging break schedules to match Couch's own schedule, making "loud derogatory statements" about Couch, and engaging in other "hostile and threatening behavior."

Couch also had run-ins with Bobby Pittman, a white male permanent employee, and Richard Boyd, an African-American casual employee. In May 2009, for instance, Pittman allegedly "subjected [Couch] to physical harm" by bumping her with his shoulder. Couch reported the incident to one of her supervisors, Kenneth Creten, who asked her to write a statement about the incident, which she refused to do. Instead, upon returning from Creten's office, she allegedly had a "hostile encounter" with Boyd. He had begun work on the conveyor belt near Couch, causing her to tell him "not to 'come up here fucking with me.'" In response, Boyd raised his arm in a threatening manner. Couch called 911 to report Boyd's behavior but did not file charges. After this altercation, Couch took a four-month medical leave "due to work related stress."

Although the USPS investigated each incident cited in the record on appeal, Couch alleged that her complaints were not taken as seriously as the complaints filed by other employees, which she attributed to racial and gender bias. As the district court concluded, however, Couch did not provide sufficient evidence that a similarly-situated USPS employee of a different race or gender was treated more favorably than she was. The record suggests that the

USPS's failure to find merit with respect to Couch's complaints resulted from its conclusion that her claims of harassment were isolated and minor.

Couch also failed to show that her co-workers created a hostile work environment. She alleged a number of incidents over a span of many years that may have made the workplace less than pleasant, but she has not alleged anything sufficiently severe or pervasive to qualify under the standards set forth in *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993).

Finally, Couch cannot show that the USPS undertook any retaliatory action against her for filing EEOC complaints. Couch has been promoted and received raises following the incidents cited in this action. Moreover, she presented no evidence to suggest that her co-workers harassed her or singled her out because of her administrative filings.

The district court carefully set out the relevant facts and law and properly applied the law to those facts. The issuance of a full written opinion by this court would, therefore, be duplicative and would serve no useful precedential purpose. We therefore AFFIRM the judgment of the district court based on the reasoning set forth in its order filed on January 10, 2013.